UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BROWN, Executor and Trustee
of the ESTATE OF CYNTHIA BROWN,

    Plaintiff,

v.

ZANE HANDYSIDES et al.,

    Defendants.

Civil Action No. 23-11700

HON. MARK A. GOLDSMITH

_____/

**OPINION & ORDER**
**GRANTING DEFENDANT ZANE HANDYSIDES'S MOTION TO DISMISS (Dkt. 22)**

The Estate of Cynthia Brown brought this suit against Defendants Zane Handysides, Beaumont Health 403(B) Retirement Savings Plan, and Tait Michael Brown after complications arose with the disbursement of two retirement accounts associated with the Estate. See Am. Compl. (Dkt. 12). Relevant to this opinion are the Estate's claims against Zane Handysides, a lawyer Cynthia Brown had retained in connection with her estate planning prior to her death. The Estate alleges negligence, negligent misrepresentation, breach of fiduciary duty, and unjust enrichment.

Before the Court is Zane Handysides's motion to dismiss (Dkt. 22).[1] For the reasons stated below, the Court grants the motion.

**I. BACKGROUND**

The following relevant facts are taken from the Estate's amended complaint.

---

[1] Because oral argument will not aid the Court's decisional process, the matter will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motions, the briefing includes the Estate's response (Dkt. 30) and Handysides's reply (Dkt. 33). Handysides also filed an initial motion to dismiss (Dkt. 21), which is denied as moot.

1

Cynthia Brown established two 403(b) accounts through the Beaumont Health 403(b) Retirement Savings Plan: one with Lincoln Financial Group, opened in 1999, and one with Fidelity Investments, opened in 2015.² Am. Compl. ¶¶ 1–2, 23, 25, 33. When Cynthia Brown opened the accounts, she was married to Tait Brown and named him the beneficiary of both. Id. ¶¶ 25–26, 34.

In March 2020, after being diagnosed with cancer, Cynthia Brown signed a will and appointed her son, Daniel Brown, as executor and trustee of her estate. Id. ¶ 45. In November 2020, she retained Handysides to prepare a written separation agreement between her and Tait Brown. Id. ¶¶ 1, 48–50. Handysides is a Canadian citizen, residing in Ontario, Canada and is licensed to practice law there. Handysides Aff. (Dkt 22-2) ¶¶ 2–3. He is not licensed to practice law in the United States and has never practiced law or resided there. Id. ¶ 4; Am. Compl. ¶ 61.

The separation agreement, signed by both Tait Brown and Cynthia Brown, included a provision requiring Tait Brown to waive his rights, claims, and interests in the funds in both 403(b) retirement savings accounts and to ensure that the funds go to their children, Daniel Brown and Erin Brown. Am. Compl. ¶¶ 6, 56–64. Handysides also prepared affidavits for Cynthia Brown in which she stated that the funds in those accounts were to be paid to her estate and that Tait Brown had waived all interest in those accounts. Id. ¶ 63. According to the Estate, Handysides represented that the separation agreement and the two affidavits would accomplish Cynthia Brown's wish to change the beneficiaries for her 403(b) accounts from Tait Brown to Daniel Brown and his sister, Erin Brown. Id. ¶ 108. Handysides did not contact anyone from Lincoln Financial or Fidelity. Id. ¶¶ 4–5, 50–55.

---

² As of the filing of the amended complaint, there was $64,465.32 in the Lincoln account. Am. Compl. ¶ 29. As of November 2022, before Tait Brown withdrew the funds, there was $34,781.98 in the Fidelity account. Id. ¶ 37.

2

Cynthia Brown died in March 2021. Id. ¶ 66. Lawyers for the Estate sent Tait Brown a letter in July 2022, along with a written authorization for him to sign that would direct the Savings Plan to pay the money in the 403(b) accounts to the Estate. Id. ¶ 71. Tait Brown signed the authorization. Id. ¶ 72. In October 2022, the Savings Plan sent a letter to the Estate lawyers and to Tait Brown informing them that it could only pay the money to Tait Brown because Cynthia Brown had not used the correct form to change the accounts' beneficiaries. Id. ¶ 73.

Despite having signed the separation agreement and the authorization, Tait Brown withdrew all the money in the Fidelity 403(b) account in November 2022. Id. ¶¶ 38, 74. He has since refused to return the funds. Id. ¶¶ 39, 74.

In December 2022, the Estate issued a Statement of Claim against Handysides in the Ontario Superior Court of Justice at Toronto, Ontario, Canada, alleging legal malpractice and breach of the written separation agreement, both claims under Ontario law. Id. ¶¶ 75–79. That case is still pending. The Estate then filed this lawsuit: (i) alleging fraudulent inducement, common law and statutory conversion, and unjust enrichment against Tait Brown; (ii) alleging negligence, negligent misrepresentation, breach of fiduciary duty, and unjust enrichment against Handysides; and (iii) seeking preliminary injunctions that would prevent Tait Brown from withdrawing money from the 403(b) accounts and would prevent the Savings Plan from allowing Tait Brown to withdraw those funds.

Handysides filed a motion to dismiss, arguing that the case against him should be dismissed (i) for lack of personal jurisdiction, (ii) pursuant to the international abstention doctrine, or (iii) pursuant to the doctrine of forum non conveniens. See Mot. Because the Court finds that it does not have personal jurisdiction over Handysides, it will grant the motion without considering Handysides's other arguments for dismissal.

## II. ANALYSIS[3]

"The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." Schneider v. Hardesty, 669 F.3d 693, 697 (6th Cir. 2012) (punctuation modified). "In the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." Children Legal Servs., PLLC v. Shor Levin and Derita, PC, 850 F. Supp. 2d 673, 679 (E.D. Mich. 2012) (punctuation modified). Where the Court decides a motion to dismiss for lack of personal jurisdiction on the basis of written submissions and affidavits alone—as it does here—the plaintiff has only the "relatively slight" burden of making a prima facie showing that personal jurisdiction exists. Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 360 (6th Cir. 2008).

The Court has personal jurisdiction over a foreign party where (i) the forum state's long-arm statute authorizes jurisdiction and (ii) the exercise of jurisdiction comports with constitutional due process. Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007).

### A. Michigan's Long-Arm Statute

Courts interpret Michigan's long-arm statute "to bestow the broadest possible grant of personal jurisdiction consistent with due process." Audi AG & Volkswagon of Am., Inc. v. D'Amato, 341 F. Supp. 2d 734, 741 (E.D. Mich. 2004). The Estate cites Mich. Comp. L. § 600.705(2), which allows Michigan courts to exercise jurisdiction over a party who has "[done or caused] an act to be done, or consequences to occur, in the state resulting in an action for tort."

---

[3] To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

4

Am. Compl. ¶ 17; see also Resp. at 5. Under this subsection, "either the tortious conduct or the injury must occur in Michigan." Green v. Wilson, 565 N.W.2d 813, 817 (Mich. 1997). Courts in this circuit interpret "consequence" to mean "the tort claim itself[,] and it must arise within Michigan as a result of the defendant's extra-territorial action." Mulo v. Gottlieb, No. 16-cv-13476, 2017 WL 1132335, at *2 (E.D. Mich. Mar. 27, 2017).

It is undisputed that the alleged "tortious conduct"—Handysides's alleged negligence with respect to his representation of Cynthia Brown—occurred in Ontario, Canada. What the parties disagree over is whether those acts caused "consequences to occur" in Michigan.

The Estate argues that Handysides's actions "caused an injury to the Estate of Cynthia Brown in Michigan" because his alleged negligence prevented the Savings Plan—located in Michigan—from disbursing funds held in the American 403(b) retirement accounts to Daniel and Erin Brown and from prohibiting Tait Brown from withdrawing the money for his own use. Resp. at 5–6. Handysides counters that "the alleged consequences are suffered by an estate being administered in Ontario, Canada," and not in Michigan. Mot. at 10. The Court agrees with Handysides.

The Michigan long-arm statute does not permit courts to exercise jurisdiction over an out-of-state defendant whose alleged tortious acts, committed out of state, had no consequences at all in the forum state, or had only insignificant ones. The consequence the long-arm statute is concerned with is the injury itself. See Mulo, 2017 WL 1132335, at *1–*3 (finding that the long-arm statute did not provide a Michigan court with jurisdiction over an Ohio resident who allegedly injured a plaintiff in Ohio even where the plaintiff was treated in Michigan). Here, while the Savings Plan may be located in Michigan, the alleged "injury" is felt by the Estate, administered

5

in Canada, and by its beneficiaries, who reside outside of Michigan. The long-arm statute may be far-reaching, but it does not reach as far as Handysides.

### B. Due Process

Even if it were to find that Michigan's long-arm statute authorizes the exercise of personal jurisdiction over Handysides, "the Court cannot exercise personal jurisdiction in violation of [a defendant's] constitutional right to due process." Ajuba Int'l, LLC v. Saharia, 871 F. Supp. 2d 671, 681 (E.D. Mich. 2012).

Due process requires that a defendant have "minimum contacts" with the forum state such that a finding of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." Conn v. Zakharov, 667 F.3d 705, 712 (6th Cir. 2012) (punctuation modified). Where the suit arises from a defendant's contacts with the forum state, courts look to the following three elements in determining whether due process is satisfied:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

LAK, Inc. v. Deer Creek Enters., 885 F.2d 1293, 1299 (6th Cir. 1989).

The Supreme Court has held that a defendant has purposefully availed himself of the privileges of a state where "the defendant deliberately has engaged in significant activities within a State." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–476 (1985) (punctuation modified). "The purposeful availment requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant *himself* that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." Bridgeport Music, Inc. v. Still

6

N The Water Pub., 327 F.3d 472, 478 (6th Cir. 2003) (punctuation modified, emphasis in original).

The Estate does not explain how Handysides purposefully availed himself of the privileges of acting in the State of Michigan. In fact, it states only that Handysides's argument that he had not purposefully availed himself of these privileges "is a non-credible legal conclusion of an Ontario lawyer, unlearned in American law, and not licensed to practice in any U.S. State of [sic] Territory, and therefore should not be considered by this Court." Resp. at 8. This is hardly a reasoned argument by the Estate on purposeful availment.

All the circumstances point away from any conclusion that Handysides purposefully availed himself of any benefits within Michigan. Handysides is a Canadian citizen who lives in Ontario, Canada. Handysides Aff. ¶ 3. He is licensed to practice in Ontario, Canada and has never practiced law in or resided in the United States. Id. ¶¶ 2, 4. This case arose out of his representation of Cynthia Brown, a Canadian citizen and resident of Ontario. Id. ¶ 5. The representation was in connection with her separation from her then-husband, also a resident of Ontario. Id. ¶ 6. The separation agreement and affidavits Handysides drafted during this representation were signed in Canada and prepared under Ontario law. Id. ¶¶ 7, 10; Am. Compl. ¶ 108. The amended complaint alleges no "conduct [or] connection" with Michigan such that Handysides "should reasonably anticipate being haled into court" in this State.

With respect to the requirement that the cause of action arise from the defendant's activities in Michigan, the Estate "must demonstrate a causal nexus between the defendant's contacts with the forum state and the plaintiff's alleged cause of action." Beydoun v. Wataniya Rests. Holding, Q.S.C., 768 F.3d 499, 506–507 (6th Cir. 2014). In discussing this second prong, the Estate repeats its theory as to how Handysides satisfies the Michigan long-arm statute: that Handysides's negligence led to consequences for the Michigan Savings Plan and 403(b) accounts. See Resp. at

8. But the acts underlying this lawsuit took place in Ontario, Canada, and the alleged consequences are suffered by an estate being administered there. See Mot. at 10. The Court agrees with Handysides that the Estate has failed to meet its burden with respect to this prong.

In evaluating the reasonableness prong, courts consider "(1) the burden on the defendant; (2) the interest of the forum state; [and] (3) the plaintiff's interest in obtaining relief[.]" West Hills Farms, LLC v. GeoStar Corp., No. 17-cv-13247, 2018 WL 4178495, at *6 (quoting Schneider, 669 F.3d at 703–704). The Estate provides little discussion on this point, concluding that "[s]ince the Estate of Cynthia Brown has satisfied the first two parts of the inquiry, an inference raises that the third part of the inquiry is met." Resp. at 8 (citing Bird v. Parsons, 289 F.3d 865, 875 (6th Cir. 2002)) (punctuation modified). The Estate's only support for its conclusion that exercising personal jurisdiction over Handysides would be reasonable is that the Savings Plan and Tait Brown cannot be added to the pending action in Ontario because the Ontario court would not have jurisdiction over them. Resp. at 9.

Even if the statement about the lack of jurisdiction in Ontario courts is correct, the argument still lacks merit. There is no contention that the Ontario courts do not have jurisdiction over Handysides. And the continued litigation in this case will end relatively soon: the claim against the Savings Plan has been resolved, see 2/7/24 Stipulation & Order Regarding Beneficiary for the Lincoln Fin. Acct. (Dkt. 40), and Tait Brown has been defaulted, see 2/20/24 Notice of Default (Dkt. 43). There is no reasonable justification to keep this case open to duplicate the litigation against Handysides already taking place in Ontario.

Having to defend in two forums creates an undue burden on Handysides, especially as one of those forums is beyond his own country's borders. As the Supreme Court has stated, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have

8

significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." Asahi Metal Co. v. Super. Ct. of Cal., 480 U.S. 102, 114 (1987).

This is particularly true as to lawyers, as to whom courts have found minor contacts with a foreign country insufficient to confer jurisdiction. See e.g., Nichols v. Costa, 794 F. Supp. 165, 167 (W.D. Pa. 1992) (declining to exercise personal jurisdiction where out-of-state attorney provided only basic procedural information and typed and notarized two affidavits for residents of the forum state). In this case, Handysides had even fewer contacts with the forum state than the defendants in Nichols; he engaged in no communication at all with anyone in this State.

The Court finds that exercising personal jurisdiction over Handysides would not comport with the requirements of due process. The Estate has not met its burden of demonstrating that Handysides purposefully availed himself of the privilege of acting within Michigan, that the lawsuit arises from Handysides's actions in Michigan, or that the exercise of personal jurisdiction over Handysides would be reasonable.

### III. CONCLUSION

For the reasons explained above, the Court grants Handysides's motion to dismiss (Dkt. 22).

SO ORDERED.

Dated: March 28, 2024　　　　　　　　　　　s/Mark A. Goldsmith  
　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　United States District Judge